KELLY & McALINDEN COMPANY, PLAINTIFF AND APPELLEE, v. THE CENTRAL RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Submitted July 6, 1903—Decided November 9, 1903.

If when the plaintiff rests there be no evidence from which the jury may reasonably infer that the defendant's negligence caused the injury complained of, the plaintiff should be nonsuited.

On contract. On appeal from the District Court of Perth Amboy.

Before Justices VAN SYCKEL and FORT.

For the appellant, *George Holmes* and *Pierre P. Garvin.*

For the appellee, *Charles C. Hommann.*

The opinion of the court was delivered by

FORT, J. This suit was against the defendant as a common carrier for hire for the alleged breaking in transportation of a large piece of plate glass. The glass was shipped from New York to Perth Amboy. It was delivered to the defendant at New York by the consignee and was delivered to the plaintiff by the defendant at its freight station in Perth Amboy. When the glass was taken to the premises in Perth Amboy, where it was to be used, and opened, it was found to be broken.

When the plaintiff rested, beside the introduction of the waybills, &c., there was no other evidence going to show the defendant's liability.

A motion was made for a nonsuit, "because the plaintiff had failed to prove negligence in the defendant." We think the motion should have prevailed. There was no proof that the glass had not been broken in carting it from the Perth Amboy station to the place where it was unpacked. As to the care with which it had been carted, there was no proof offered. When the plaintiff rested there was no evidence from which the jury could reasonably infer that the defendant's negligence had caused the injury. In fact, there was no proof that the glass had been broken by the negligence of anyone, or that it was, in fact, broken when it was delivered by the defendant to the plaintiff at the Perth Amboy station.

The judgment of the District Court will be reversed with direction that a judgment of nonsuit be entered, with costs.